IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BERNATELLO'S PIZZA, INC.,

                Plaintiff,

v.

HANSEN FOODS, LLC,

                Defendant.

ORDER

16-cv-65-jdp

---

The court granted plaintiff's motion for an injunction on March 25, 2016. Dkt. 26. The court instructed the parties to confer on the form of injunction order, but there are now two motions before the court that show that the parties have not cooperated fruitfully. Defendant's motion, Dkt. 31, seeks clarification of the court's order for an injunction issued March 25, 2016. Plaintiff's motion, Dkt. 34, proposes an injunction order, but it defers the question of an injunction bond until defendant ponies up with more financial information.

I will grant defendant's motion for clarification and provide a few words of guidance. Defendant's interpretation is essentially correct. The court's intent was to allow defendant to sell its existing inventory, including inventory on store shelves, as well as any inventory that had been manufactured and packaged as of the date of the order, March 25. The court would expect defendant to undertake some ordinary promotional activities to support the phase-out sales. But the court would not expect defendant to step up efforts to promote and distribute goods with trademarks that were soon to be enjoined. (Nor would I expect defendant's management to mislead anyone concerning the court's order, which is a concern raised by plaintiff's motion.) Also, defendant's phase-out right will not last forever, and imposing a reasonable end date would be appropriate.

As for the enjoined marks themselves, again defendant is essentially correct. Defendant cannot use forms of the term "brew," such as "brewer" or "brewery," but other terms suggestive of taverns or pubs would not necessarily be off-limits. I will leave it to the parties to craft the precise wording, as I can imagine confusingly similar uses of other terms. "Beer Pub" or "Draft Pub," for example, might well be confusingly similar to Brew Pub.

Plaintiff's motion raises its own issues. But the March 25 order already set April 15 as defendant's response date, so I will rule on plaintiff's motion after I have defendant's response.

However, one problem requires attention now: plaintiff's motion fails to provide a proposal for adequate security, contrary to my March 25 order. Based on plaintiff's submission, it is not clear that the parties have attempted to reach agreement on the injunction security. Plaintiff seems to believe that it needs a large amount of financial information from defendant before it can propose injunction security. Not so. Counsel for the parties must confer on this issue and plaintiff has until April 12 to submit a proposal based on whatever information it has available. The burden will then be on defendant to respond to that proposal in its April 15 submission.

It is not too late to reach agreement on the injunction, and a negotiated agreement will probably be better for both parties than one imposed by the court.

Entered April 9, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge